Stephen D. Spencer (USB #8913)
SPENCER LAW OFFICE
PO Box 57247
Murray, UT 84157
2263 West 7800 South
West Jordan, UT 84088
Telephone: (385) 228-2352
Email: steve@stevespencerlaw.com

*Attorney for Plaintiffs*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TROY CROSLAND; BROOKS HOUGHTON; BRYAN LUND; JOHN/JANE DOES 1-10; Plaintiffs, <br><br> v. <br><br> CHRISTOPHER D. HALES; CANDACE KANAHELE; JOHN/JANE DOES 11-20; Defendants. | **COMPLAINT** <br><br><br><br><br> Case No. <br><br> Judge |

COME NOW Plaintiffs, by and through counsel, and for their causes of action against the Defendants, allege as follows:

**Parties & Jurisdiction**

1. The named Plaintiffs are residents of the state of Utah.

2. John/Jane Does 1-10 identified as Plaintiffs are yet unidentified individuals who have claims analogous to those of the named Plaintiffs against the named Defendants arising from the same common nucleus of operative facts.

1

3. Defendant Christopher D. Hales is a resident of Weber County, state of Utah and is presently in the custody of the Weber County Jail, where he is being held for violations of federal probation in case no. 2:10-cr-00183-TS, District of Utah.

4. Defendant Candace Kanahele is a resident of Utah County, state of Utah.

5. Defendant John/Jane Does 11-20 are yet unidentified entities or individuals created and/or controlled by Defendant Christopher Hales for conducting illegal activities with the intent to defraud investors as set-out herein.

6. Federal questions are presented in this litigation and therefore federal subject matter jurisdiction is proper in the above-captioned Court.

**Background**

7. Plaintiffs incorporate the foregoing paragraphs 1 through 6 as though fully set-forth below and incorporate the same by reference.

8. At relevant times hereto, and occurring within the District of Utah, Defendant Christopher Hales sold purported securities or investment contracts to Plaintiffs for a company, "*Sindakit Software*," which he represented as having an algorithm or some other specialized computer software it had purportedly developed for use in sports betting.

9. Defendant Hales represented to Plaintiffs that through the transfer of such securities, that Plaintiffs would have an ownership interest in Sindakit Software, for which they would be paid a shareholder dividend from time-to-time from that company's profits.

10. Defendants did, from time to time, make purported dividend payments to Plaintiffs in accordance with his prior representation that Plaintiffs would be paid dividends for the

purported purchase of shares in Sindakit Software. However, Sindakit Software had no dividends to pay to any investors from conducting a legitimate business activity and therefore the purported dividends paid by Defendants to both the named and unnamed Plaintiffs were from the sales of purported "securities" by Hales to new investors in this Ponzi scheme.

11. The amount of money paid to Defendant Christopher Hales by the named Plaintiffs is one million ($1,000,000) dollars, for which Plaintiffs are entitled to judgment against Defendant Christopher Hales and Defendant Candace Kanahele, jointly and severally.

12. Plaintiff Brooks Houghton has obtained a default judgment against Christopher Hales in case no. 2:20-cv-00227-PMW, District of Utah. Therefore, for purposes of this lawsuit, claims made by Plaintiff Brooks Houghton are limited to the claims against Defendant Candace Kanahele and the other unnamed Defendants.

13. At times relevant hereto, Defendant Candace Kanahele aided and abetted Defendant Christopher Hales in his scheme to defraud Plaintiffs as set-out herein.

14. At times relevant hereto, Candace Kanahele was the *de facto* domestic partner of Christopher Hales. Alternatively, Candace Kanahele was the legal and lawfully wedded spouse of Christopher Hales at times relevant hereto.

15. At times and in circumstances relevant hereto, Defendant Candace Kanahele has held money and property for the benefit of Defendant Christopher Hales that was unlawfully obtained from the Plaintiffs as set-out herein.

16. At times and in circumstances relevant hereto, Defendant Candace Kanahele has taken possession of money or property that she received from Defendant Christopher D. Hales

without giving reasonably equivalent value in exchange so that Candace Kanahele has possession of money that was unlawfully obtained from Plaintiffs and also has possession of property purchased by her with said money. At no time relevant hereto did Candace Kanahele receive money or property from Christopher Hales lawfully obtained from Plaintiffs. At no time did Candace Kanahele give reasonably equivalent value for any money or property of Plaintiffs that was given to her by Defendant Christopher Hales.

17. The nature of the transactions by which Candace Kanahele received money or property of Plaintiffs from Christopher Hales are fraudulent transfers, for which the named Plaintiffs are entitled to a judgment against Candace Kanahele as well as against Christopher Hales, jointly and severally.

18. Wherefore, Plaintiffs pray for relief as hereinafter set forth.

## **FIRST CAUSE OF ACTION:**
**(Breach of Contract)**

19. Plaintiffs incorporate the foregoing paragraphs as though fully set-forth below and incorporate the same by reference.

20. The named Plaintiffs and Defendants entered into bilateral contracts through which Plaintiffs gave good and valuable consideration for the purchase of shares of the purported enterprise, Sindakit Software and its parent companies and subsidiaries.

21. Defendant Hales purported to sell an ownership interest in Sindakit Software and/or its parent company, MC Ventures, LLC, which he did not actually convey to Plaintiffs for the consideration paid.

22. Defendant Hales also made promises in connection with the relevant transaction that

dividends would be paid to Plaintiffs in connection with the shares owned by Plaintiffs.

23. Defendants have breached a contract with Plaintiffs through at least the following acts:

    a. Failure to transfer shares or other ownership interests in the relevant enterprise or entities to Plaintiffs;

    b. Failure to pay a dividend based upon Plaintiffs' purported ownership.

24. As a result of Defendants' breach of the relevant agreement, Plaintiffs have been harmed in an amount at least equal to money paid to Defendants or entities purportedly owned or controlled by him, in the amount of One Million ($1,000,000) Dollars.

25. The Court should declare the contract between Plaintiffs and the relevant Defendants to be void on the grounds of fraud; failure of performance and failure of consideration to excuse any further performance by Plaintiffs.

26. The Court should award Plaintiffs compensatory, special, and exemplary damages based upon Defendants' egregious and intentional breach and fraud at the inducement.

27. Wherefore, Plaintiffs pray for relief as set forth herein.

## SECOND CAUSE OF ACTION
(Unjust Enrichment/Quantum Meruit)

28. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as though fully set forth herein and incorporate the same by reference.

29. Plaintiffs have conferred a benefit on Defendants of which Defendants are actually aware. Defendants have accepted that benefit and continue to retain that benefit.  To wit: Plaintiffs have provided investment or operating capital for the operation of Sindakit Software and any of its subsidiaries or parent companies but which payments were fraudulently taken by Defendants Christopher Hales and Candace Kanahele without

transferring any ownership interest or giving any other value in consideration of those payments.

30. Under the circumstances, Defendants' retention of the benefits conferred without giving equivalent value is unjust and therefore the Court should rectify the situation under its equitable powers.

31. Alternatively, the circumstances under which Plaintiff provided operating capital to Defendants demonstrates the existence of an implied contract in which the parties understood and intended that repayment or other compensation be made to Plaintiffs.

32. Defendants have acquiesced in the acceptance of Plaintiffs' capital contribution; were fully aware that Plaintiffs expected to be given equivalent value. Defendants had responsibility for payment under the entire agreement between the parties and Defendants were therefore unjustly enriched by acceptance and retention of Plaintiff's capital contribution without repayment.

33. The reasonable value of services provided to Defendants in the form of capital contribution is one million ($1,000,000) dollars, to which Plaintiffs should be entitled.

34. Plaintiffs should also be entitled to prejudgment and post-judgment intertest at the applicable statutory rates.

35. Wherefore, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing)**

36. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as though fully set forth herein and incorporate the same by reference.

37. In contract law, the implied covenant of good faith and fair dealing is a general

presumption that the parties to a contract will deal with each other honestly, fairly, and in good faith, so as to not destroy the right of the other party or parties to receive the benefits of the contract.

38. The implied covenant of good faith and fair dealing is applicable to the parties' agreement which is at issue.

39. Defendants have breached the implied covenant of good faith and fair dealing to Plaintiffs' detriment by intentionally seeking to deprive Plaintiffs of the intended benefit of their bargain. To wit: Defendants have taken Plaintiffs' money under false pretenses that they would transfer ownership interest in Sindakit Software and then pay dividends based upon the profits of Sindakit.

40. Plaintiffs have been harmed by Defendants' failure to deal with them fairly and honestly.

41. Wherefore, Plaintiffs pray for relief as set forth herein.

## FOURTH CAUSE OF ACTION
### (Voidability of Contract on Grounds of Fraud and Exemplary Damages for Fraud)

42. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as though fully set forth herein and incorporate the same by reference.

43. For the purpose of inducing Plaintiffs to enter into the relevant agreement(s) for the purported sale of securities in Sindakit Software or other entities purportedly owned and controlled by Defendant Hales, Christopher Hales intentionally made material misrepresentations of fact to Plaintiffs for the purpose of inducing Plaintiffs' reliance thereon; upon which Plaintiffs did in fact rely to their detriment. To wit: Defendant represented that he was selling Plaintiffs an ownership interest in Sindakit Software, whose principal product or service was a newly developing algorithm or software, for

which ownership interest Plaintiffs would receive dividends if the company performed well.

44. Defendant Hales took Plaintiffs' money but did not transfer any ownership interest in Sindakit or any other entity to Plaintiffs and the purported dividends paid to Plaintiffs by Defendant Hales was actually the proceeds of further bogus securities sales to new investors by Defendant Hales.

45. Based upon Defendants' intentional and willful acts of deception and fraud, the Court should declare the contract void and order that Defendants disgorge Plaintiffs' money.

46. Based upon Defendants' intentional and willful acts of deception and fraud, the Court should award Plaintiffs exemplary or punitive damages together with attorney's fees and costs as later set-forth by affidavit.

47. Wherefore, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION
### (Violations of Section 10(b) of the Securities Exchange Act of 1934)

48. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as though fully set forth herein and incorporates the same by reference.

49. Section 10(b) makes it unlawful to "use or employ, in connection with the purchase or sale of any security" a "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j(b).

50. "Security" is defined broadly to include, among other things, stocks, bonds, debentures, a variety of other instruments, or, "in general, any instrument commonly known as a 'security.'" 15 U.S.C. § 78c(a)(10).

51. The SEC's implementing regulation, Rule 10b-5, further defines the scope of the

statutory language. The rule renders it unlawful, in connection with the purchase or sale of any security, to:

   a. Employ any device, scheme, or artifice to defraud;
   b. Make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made not misleading; or
   c. Engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.  (See 17 C.F.R. § 240.10b-5 (2014).

52. Defendant Hales made material misstatements or omissions with an intent to deceive, manipulate or defraud Plaintiff.

53. There is a causal connection between Defendant Hales' misrepresentation or omission and the Plaintiffs' purchase of securities;

54. Plaintiffs relied on the misstatement or omission of Defendant Hales;

55. Plaintiffs suffered economic loss as a result therefrom.

56. There is a causal connection between the material misrepresentation or omission and the Plaintiffs' loss.

57. Wherefore, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION
**(Violations of Utah Securities Act, 61-1-1 et sequitur, Utah Code Annotated)**

58. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as though fully set forth herein and incorporate the same by reference.

59. Subsection 61–1–22(1) of the Utah Code imposes civil liability on any person who offers,

sells, or purchases a security in violation of Subsection 61–1–1(2). Specifically, Subsection 61–1–22(1)(b) holds that the purchaser or buyer of a security may sue either at law or in equity to recover the consideration paid for the security, together with interest, costs, and attorneys' fees, less the amount of income received on the security.

60. The Defendant Hales is a "seller" as defined by the code and he actually sold the securities to Plaintiffs.

61. Plaintiffs are entitled to rescission of the contract for sale of securities under the Act and to hold Defendant Christopher Hales personally liable for the sale of securities.

62. Wherefore, Plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION
(Fraudulent Conveyance(s) or Transfer(s) to Candace Kanahele)

63. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as though fully set forth herein and incorporate the same by reference.

64. At times relevant hereto, Christopher Hales transferred property unlawfully obtained by him from the named Plaintiffs to Candace Kanahele with the purpose to defraud, burden, and unfairly place Plaintiffs' property out of reach of Plaintiffs.

65. At no time did Candace Kanahele give reasonably equivalent value in exchange for Plaintiffs' money or proceeds of that money received by her from Christopher Hales.

66. At all times relevant hereto, Candace Kanahele was actually aware of the scheme or artifice conducted by Christopher Hales to defraud Plaintiffs and unlawfully take Plaintiffs' money. At all times relevant hereto, Candace Kanahele has aided and abetted Christopher Hales in his scheme or artifice and has taken possession or Plaintiff's money or the proceeds of that money with full knowledge that said money was unlawfully taken

from Plaintiffs.

67. The Court should grant Plaintiffs a judgment against Defendants Christopher Hales and Candace Kanahele, jointly and severally, in the amount of one million ($1,000,000) dollars or such other amount as may be proven.

68. Wherefore, Plaintiffs pray for relief as set forth herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

### On Plaintiff's first cause of action (breach of contract)

1. For a money judgment in the amount of $1,000,000 against Defendants together with statutory prejudgment interest of 10% annually pursuant to UCA 15-1-1 and then at the standard post-judgment rate of 2.65% until paid.

2. For reasonable attorney's fees as provided by statute.

3. For costs of suit pursuant to Rule 54.

4. For such other relief as the Court deems appropriate.

### On Plaintiff's second cause of action (unjust enrichment/quantum meruit)

5. For a money judgment in the amount of $1,000,000 against for Defendants' failure to make necessary payment, together with statutory prejudgment interest of 10% annually pursuant to UCA 15-1-1 and then at the standard post-judgment rate of 2.65% until paid.

6. For reasonable attorney's fees as provided by statute.

7. For costs of suit pursuant to Rule 54.

8. For such other relief as the Court deems appropriate.

**On Plaintiffs' third cause of action (breach of the covenant of good faith and fair dealing)**

9. For a money judgment in the amount of $1,000,000 against Defendants together with statutory prejudgment interest of 10% annually pursuant to UCA 15-1-1 and then at the standard post-judgment rate of 2.65% until paid.

10. For reasonable attorney's fees as provided by statute.

11. For a money judgment for Plaintiff's costs of suit pursuant to Rule 54.

12. For such other relief as the Court deems appropriate

**On Plaintiffs' fourth cause of action (voidability of contract)**

13. For voidability of the relevant contract.

14. For exemplary or punitive damages.

15. For attorney's fees and costs.

16. For such other relief as the Court deems appropriate.

**On Plaintiffs' fifth cause of action (violations of the securities act of 1934)**

17. For a money judgment in the amount of $1,000,000 against Defendants together with statutory prejudgment interest of 10% annually pursuant to UCA 15-1-1 and then at the standard post-judgment rate of 2.65% until paid.

18. For reasonable attorney's fees as provided by statute.

19. For a money judgment for Plaintiff's costs of suit pursuant to Rule 54.

20. For such other relief as the Court deems appropriate.

**On Plaintiffs' sixth cause of action (violations of Utah securities act)**

21. For a money judgment in the amount of $1,000,000 against Defendants, together with statutory prejudgment interest of 10% annually pursuant to UCA 15-1-1 and then at the standard post-judgment rate of 2.65% until paid.

22. For reasonable attorney's fees as provided by statute.

23. For a money judgment for Plaintiff's costs of suit pursuant to Rule 54.

24. For such other relief as the Court deems appropriate.

**On Plaintiffs' seventh cause of action (fraudulent conveyance to Candace Kanahele)**

25. For a money judgment in the amount of $1,000,000 against Defendants, jointly and severally, together with statutory prejudgment interest of 10% annually pursuant to UCA 15-1-1 and then at the standard post-judgment rate of 2.65% until paid.

26. For reasonable attorney's fees as provided by statute.

27. For costs of suit pursuant to Rule 54.

28. For such other relief as the Court deems appropriate.

29. For such relief as the Court deems appropriate.

DATED this 25th day of August, 2020.

/S/  Stephen D. Spencer
Stephen D. Spencer
Attorney for Plaintiffs