FILED
2021 APR 13 AM 8:45
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY CROSLAND, et al.,<br><br>Plaintiffs,<br>v.<br><br>CHRISTOPHER D. HALES; CANDACE KANAHELE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL<br><br>Case No. 2:20-cv-612 JNP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiffs' Motion to Compel Discovery.[1] (ECF No. 132.) As set forth below, the court GRANTS the Motion in part and DENIES it in part. The court declines to award Plaintiffs attorney fees and costs finding them not warranted in the current circumstances.[2] *See* Fed. R. Civ. P. 37 (a)(5)(A)(iii) ("other circumstances make an award of expenses unjust.").

## BACKGROUND

This case arises from alleged violations committed while Defendant Christopher Hales sold purported securities or investment contracts to Plaintiffs for a company called "Sindakit Software." Compl. ¶ 8. Mr. Hales has been charged criminally for the conduct that occurred, and was charged previously in 2010 for similar conduct.[3] Defendant Candace Kanahele was married to Mr. Hales in May 2019. Plaintiffs contend that Ms. Kanahele has benefited from Mr. Hales' scheme and used ill-begotten funds to purchase various items. Plaintiffs bring claims for breach

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Judge Jill Parrish. (ECF No. 7.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

[3] *See* USA v. Hales, Case No. 2:10-cr-183 TS; USA v. Hales, Case No. 2:20-cr-323 TS.

of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, for violations of the securities laws, and fraudulent conveyance or transfer from Mr. Hales to Ms. Kanahele. Plaintiffs seek judgment in the amount of $1,000,000 plus attorney fees and costs.

## ANALYSIS

Plaintiffs move the court to compel Defendant Candace Kanahele to provide complete and responsive answers to their discovery requests. Plaintiffs also seek attorney fees and costs under Rule 37.

As in other discovery disputes, the base standard by which this dispute is judged against is Rule 26. Federal Rule of Civil Procedure 26(b)(1) provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1).

Considerations of both relevance and proportionality govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). When the requested discovery appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the

ordinary presumption in favor of broad disclosure. *See Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

The consideration of proportionality is not new, as it has been part of the federal rules since 1983. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. The court has a duty to limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or
> (iii) the proposed discovery is outside the scope permitted by [the rule].

Fed. R. Civ. P. 26(b)(2)(C).

On December 29, 2020, Plaintiffs served their First Set of Interrogatories, Requests for Admission and Requests for Production of Documents. Ms. Kanahele answered on February 16, 2021, but Plaintiffs assert the responses were unsatisfactory and filed two discovery dispute letters with the court. (ECF No. 37, ECF No. 38.) Receiving no additional responses, Plaintiffs then filed the current motion on March 28, 2021. Ms. Kanahele's response to the motion contains some additional answers to the discovery requests. Plaintiffs maintain these additional responses are still unsatisfactory. The court turns to the requests as set forth by Plaintiffs.

### I.     Interrogatories

Plaintiffs' Interrogatory #1 states:

> Identify and describe every employment you have had for the past five (5) years preceding the time of answering these interrogatories. Include the employer name; location or city of location; dates or approximate dates of hire and termination; title or name of position held; a general description of job duties; and the rate or method of compensation.

(ECF No. 44 p. 3.)

The court finds this Interrogatory relevant to Plaintiffs' claims concerning fraudulent conveyance. Ms. Kanahele responded that she has made "great money as a Master Estehetician, Nutritionist, Personal Trainer, Wellness Instructor, Life Coach, Interior Decorator, Designer, Model, Producer, Marketer, Social Media Influencer, as well as many other occupation titles, however too many to list, nor pertinent to this case." (ECF No. 42 p. 2.) Although a good start, this response is insufficient. It fails to list dates or approximate dates of hire and termination, a description of any job duties, methods of compensation, employer names, locations or the title of any position held. As such, Defendant is ordered to provide additional responses to this Interrogatory.

Interrogatory # 2 asks, "Where did you get the money to purchase the residence at 354 North 20 West Vineyard, Utah?" (ECF No. 44 p. 3.) The court finds this Interrogatory relevant to Plaintiffs' claims. There is no direct response by Ms. Kanahele. Defendant provides she previously "rented a run down twin home in Orem" yet, Defendant also provides that she has "always been able to afford a home such as the one my children and I are living in now." (ECF No. 42 p. 3.) Defendant avers that Co-defendant Mr. Hales "depleted [her] personal finances] by borrowing money from her." These answers lack the requisite specificity under the Rules. Defendant is to provide further responses.

Interrogatory #3 seeks information about Defendant's Motion to Dismiss. It states:

In your motion tiled "Motion to Dismiss" that was filed in the Court 12/03/2020, you stated that, "Defendant Candace Kanahele should be acknowledged as a victim. I was manipulated and used by Christopher Hales in his scheme and suffered immense financial loss paired with irreparable emotional damage. Of all victims my children and I without doubt experience the most distressed by Hales. The list of my own reparations caused by defendant Hales is too long to list in this dismissal."

    A. Why should you be acknowledged as a victim? List every reason or circumstance.

> B. How were you manipulated and used by Christopher Hales in his scheme? List every reason or circumstance.
> C. What immense financial loss have you suffered? List every reason, incident, or circumstance?
> D. Why are your children victims of Christopher Hales? List every reason or circumstance?
> E. List all of your own reparations caused by defendant Hales that were too long to list in your motion for a dismissal.

(ECF No. 44 p. 3-4.)

The court finds this request somewhat strange as it seeks discovery relating to Defendant's Motion to Dismiss. However, it also relates to claims of fraudulent conveyance. Defendant has not provided any response to this Interrogatory and will be ordered to do so. The court finds part of the Interrogatory overbroad. Plaintiffs ask for "every reason, incident, or circumstance" of financial loss. Although the Interrogatory relates to the Motion to Dismiss, it needs an explicitly set forth time frame. Ms. Kanahele need not provide details regarding every financial loss she has suffered in her life. Plaintiffs are to redraft the Interrogatory with an appropriate time constraint to the factual circumstances in this case. Then Defendant is ordered to respond.

Interrogatory #4 relates to automobiles that Ms. Kanahele has owned or had access to. It states:

> Identify each and every automobile to which you have had personal access to or possession of during the past two (2) years. "Personal access" means that you have had the keys to that vehicle at some time or that the keys could have been immediately provided to you together with the automobile by someone you knew. "Possession" means that you had the keys to the vehicle or that the vehicle was parked at your residence overnight for at least one night during those two years. "Identify" means give the year, make, model of the vehicle and also the VIN or license plate number if known.

(ECF No. 44 p. 4.)

Defendant states she has "never owned a Mercedes AMG GT" as alleged by Plaintiffs. Ms. Kanahele, however, does not list other automobiles to which she had access to or possession of in the last 2 years. Defendant is ordered to provide a further response.

Interrogatory #5 states:

> Explain why you feel that Plaintiffs should believe that you did not receive money or property from Christopher Hales at any time and that you also were not a part of his scheme to defraud supposed investors in his bogus software company as you have claimed in your motion to dismiss that was filed on 12/03/2020.

(ECF No. 44 p. 5.)

Defendant states that she has never been involved in any financial or business endeavor with Plaintiffs. She maintains that she "was never involved in any schemes surrounding" her Co-defendant, and she has "never had any combined assets" with Mr. Hales. (ECF No. 42 Ex. 1.) Ms. Kanahele requests the court require Plaintiffs to "provide documentation and proof supporting … claims money was ever given or transferred" to her. (ECF No. 42 p. 3.) While not as detailed as Plaintiffs desire, the court finds Defendant's responses to this Interrogatory sufficient. The court will not, at this time, require any documentation from Plaintiffs as requested by Ms. Kanahele as she has not filed a formal motion. Plaintiffs' motion though is denied as to Interrogatory #5.

Interrogatory #6 seeks information about Kanahele Holdings, LLC, an entity that was formed by Ms. Kanahele in July 2019. "What is Kanahele Holdings, LLC and what does it do? Why do you have or did you have an entity known as Kanahele Holdings, LLC?" (ECF No. 44 p. 5.) The Interrogatory's relevance is found in the claims for fraudulent conveyance. Defendant has not responded to this Interrogatory and the court orders Defendant to respond.

## II.   Requests for Admission

Plaintiffs seek to compel responses to their Requests for Admission. Request #1 seeks to ascertain the value of Defendant's wedding ring and whether it was a gift. It states:

> Admit that in about December of 2018 or at some other time during the past five (5) years, that Plaintiff Bryan Lund acted as a courier to transport a diamond ring costing hundreds of thousands of dollars from Utah to Massachusetts to give it to you, Candace Kanahele. Admit that this ring was a gift from Defendant Christopher D. Hales for or to Defendant Candace Kanahele.

(ECF No. 44 p. 5.) The court finds this request relevant and therefore, requires Ms. Kanahele to respond.

Request #6 provides: "Admit that you have been in possession of at least the following motor vehicles since April of 2020. To wit: a Ford Raptor (F150 pickup truck); a Jeep Wrangler; and a Mercedes AMG GT." (ECF No. 44 p. 5.) Once again this request is relevant to fraudulent conveyance claims. Defendant is to provide a response to more than just the Mercedes AMG GT.

## III.   Requests for Production

Request #1 seeks "A copy of any document used, referenced, or relied upon by you in answering the foregoing interrogatories and requests for production of documents." Such a request is fairly common and the court finds Defendant should provide a response.

Request #2 also relates to the fraudulent conveyance claims. It requests "A copy of your credit application for applying for a purchase money loan or mortgage for the residence and real property at 354 North, 20 West, in Vineyard, Utah." This is sensitive information, but the court notes that it is protected by the court's Standard Protective Order. The Standard Protective Order "applies in every case involving the disclosure of any information designated as confidential." DUCivR 26-2. Thus there is no reason this information should not be provided by Defendant. Ms. Kanahele is to comply with this request.

Request #3 is closely related to #2. It seeks "A copy of the Settlement Statement and any other documents from the closing for your purchase of the residence and real property at 354 North, 20 West, in Vineyard, Utah." (ECF No. 44 p. 6.) Defendant is ordered to produce this documentation.

## ORDER

As set forth above Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. The court declines to order attorney fees and costs because Defendant is acting *pro se* and lacks full understanding of the discovery process. Further, as demonstrated by her responses, Defendant has made a good faith effort to comply in accordance with her understanding.

Defendant is ORDERED to provide the information as set forth above within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 13 April 2021.

_____
Dustin B. Pead
United States Magistrate Judge