IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY CROSLAND, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CHRISTOPHER D. HALES; CANDACE KANAHELE,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-612 JNP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are cross motions for Amended Scheduling Orders.[1] (ECF No. 46, ECF No. 58.) The parties are in agreement that discovery should be extended. However, the parties disagree regarding the time for that extension and its scope. Plaintiffs essentially only want to do unfinished depositions. Defendant, Candace Kanahele, is amiable to depositions, but she also requests written discovery be allowed. Further, Ms. Kanahele seeks to amend her answer. Having considered the history of this case, and the parties' respective memoranda, the court is persuaded by Ms. Kanahele's position. Therefore, as set forth below the court will grant her motion for an Amended Scheduling Order.[2]

## BACKGROUND

Ms. Kanahele's husband and co-defendant, Christopher Hales, has been convicted of engaging in a Ponzi scheme. Mr. Hales is currently serving a 10-year sentence and has been

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Judge Jill Parrish. (ECF No. 7.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

ordered to pay over $7,000,000 in restitution.[3] Plaintiffs allege they are victims of Mr. Hales and other Ponzi schemes. Plaintiffs assert that Ms. Kanahele was involved in the Ponzi scheme, or at least, held money for Mr. Hales. Plaintiffs seek restitution for their losses. Ms. Kanahele initially represented herself in this matter claiming she is also a victim of Mr. Hales. Following this court's decision regarding the production of discovery, (ECF No. 46.), Ms. Kanahele obtained counsel. (ECF No. 50.) The court then subsequently ordered the parties to seek a stipulated proposal concerning the extension of the schedule. (ECF No. 55.) The parties agree the discovery deadline should be moved, however, they disagree regarding how long the extension should be and the scope of the allowable discovery. Ms. Kanahele also seeks to file an Amended Answer to the Complaint.

ANALYSIS

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Demonstrating good cause under the rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61, 2009 WL 465073, at *3 (10th Cir. 2009) (citation and quotations omitted). Pertinent to the instant dispute is also the judicial system's strong preference to resolve cases on their merits. *See, e.g., Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Indeed, litigants should be given "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsthe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

The parties here are in agreement regarding the need to extend discovery. They disagree as to whether this extension should also include all methods of written discovery under the

---

[3] *See United States v. Hales*, 2:10-cv-183 TS (D. Utah).

original scheduling order, or just depositions. Plaintiffs argue that allowing written discovery "renders Rule 26 meaningless" and "renders meaningless Plaintiff's [sic] effort to advance the litigation and timely proceed to trial." Op. p. 1, ECF No. 61. The court disagrees with Plaintiffs' dire arguments. This case was filed less than a year ago in September 2020. And, despite the problems and delays associated with a global pandemic, it has for the most part, proceeded towards trial in a timely manner. Rule 26 would not be "meaningless" and Plaintiff's efforts would not be in vain. Rather, those efforts and the effects of Rule 26 are demonstrated in the efficiency in this case. An extension of 90 days, as sought by Ms. Kanahele, would not derail the case or substantially undermine that efficiency.

In addition, the fact that Ms. Kanahele now has counsel, is likely to increase those efficiencies. The court therefore finds good cause to enter an extension of 90 days for additional discovery, including written discovery, which is likely to further narrow the issues for trial.

Finally, Ms. Kanhele seeks to file an Amended Answer. Under Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, the Supreme Court noted that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Under Plaintiffs' proposed schedule the last day to move to amend the pleadings is August 1, 2021. Given that Plaintiffs also seek to move the amended pleadings deadline, and finding good cause shown by Defendant, the court will grant Ms. Kanahele's motion to file an Amended Answer.

## ORDER

Finding good cause shown, the court GRANTS Ms. Kanahele's Motion to Amend Scheduling Order. The court further GRANTS her request to file an Amended Answer. The court DENIES Plaintiff's competing Motion to Amend Scheduling Order.

Ms. Kanahele is ORDERED to submit a new proposed schedule to the court with the appropriate deadlines, including the end of fact discovery within 90 days from July 16, 2021, to the court within 7 days from the date of this order. Ms. Kanahele is to file her Amended Answer within 14 days from the date of this order.

IT IS SO ORDERED.

DATED this 12 July 2021.

_____
Dustin B. Pead
United States Magistrate Judge